FRANCO SOTO, PLAINTIFF AND APPELLANT, *v.* MARTÍNEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action for Damages.

MOTION for Dismissal of the Appeal.

No. 2112.—Decided December 8, 1919.

APPEAL—FRIVOLOUS APPEAL.—In order that an appeal may be dismissed under Rule 59 of the Supreme Court it is necessary to make a satisfactory showing that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is frivolous, and when such facts do not clearly appear this court will not exercise its discretion to that effect.

The facts are stated in the opinion.

*Mr. Juan B. Soto* for the appellant.

*Mr. Víctor P. Martínez* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Two motions are submitted to our consideration by the defendant-appellee, Víctor P. Martínez y González, both of which were heard together on November 24, 1919. The first was filed on October 4, 1919, and asked that the appeal taken by plaintiff Carlos Franco Soto be considered as abandoned and frivolous, and the other, filed on November 14, 1919, asked for the addition to the record of a certified copy of an offer of settlement made by the defendant to the plaintiff, of which certificate, as well as of the record of the case, he says he intends to make use in support of the first motion.

The record of the case, or the transcript of the record, was filed in this court on November 1, 1919, or prior to the filing of the second motion, and when the two motions were

heard on November 24 the appellant had already filed his brief on November 10, and the defendant filed his brief on the day when the two motions were heard.

The appellee bases his motion for dismissal on the fact that ninety days had elapsed from the filing of the notice of appeal to the date of the motion, without the appellant's having filed the transcript of the record for the prosecution of the appeal, and without his having taken, personally or by representation, any action towards filing the said transcript; that the appellant had not specified the part of the judgment from which he appealed; that the facts involved in the fundamental allegation of the complaint were not proved at the trial, and that the plea of *res judicata* interposed by the defendant was proved by the evidence introduced at the trial by the defendant.

The judgment dismissing the complaint was entered on May 26, 1919, and amplified by an order of the 31st of the same month dismissing the counter-claims of the defendant *nunc pro tunc.* The judgment and order were docketed on May 31 and made retroactive as of the 26th of May, when the judgment was rendered in open court.

On June 23, 1919, the plaintiff appealed from the judgment against him and on motion of the appellant an order was entered on the 5th of July that the stenographer prepare the transcript of the record in accordance with the provisions of Act No. 27 of November 27, 1917. The transcript was approved by the judge who presided at the trial, Hon. Jacinto Texidor, on October 9, 1919, and was certified to by the clerk on the 31st of the same month, it having been filed in the office of the Secretary of this court, as we have said before, on November 1, 1919.

It is true that from the date of the notice of appeal, June 23, until the date of the filing of the motion to dismiss the appeal, October 4, there had elapsed more than the ninety days to which rule 59 of this court refers.

That rule is as follows:

"59. After the expiration of ninety days from the time of the notice of the appeal, and even if any extension of time has been allowed by the court below, any case not previously filed in this court may, in the discretion of the court, be dismissed on motion if it be shown satisfactorily that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is a frivolous one."

The transcript of the record contains 643 pages and the judge who had to approve the statement of the case was in the United States on leave of absence from June 1, 1919, when his vacation began, until August 15, when he resumed his duties. It has not been satisfactorily shown that the appellant has not prosecuted his appeal with due diligence or in good faith; therefore this court will not exercise its discretion in the manner requested by the appellee.

We have examined the allegations of the appellant in support of the appeal and do not feel inclined to hold that the appeal is frivolous. The questions involved in the case will be considered carefully when it is decided on its merits.

Regarding the certified copy of the offer of settlement presented, it does not appear, and the petitioner has not taken the trouble to show, that it would influence the ruling on the first motion for dismissal.

Both motions must be

*Overruled.*

Justices Wolf and Aldrey concurred.

Justices del Toro and Hutchison took no part in the decision of this case.